# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS M. KRUPA and CAROLYN D. KRUPA (his wife), and all others similarly situated, | Civil Action No. 2:13-cv-1542 |
| Plaintiffs, | Judge Maurice B. Cohill<br>Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| HILCORP ENERGY I LP, *et al.*, | ECF No. 15 |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Plaintiffs' Motion for Remand to State Court (ECF No. 15) be granted and this action be remanded to state court forthwith. It is further recommended that the motions to dismiss pending at ECF Nos. 5, 23, and 26 be left for the state court to decide after remand.

### II.  REPORT

Plaintiffs, Thomas and Carolyn Krupa ("Krupas" or "Plaintiffs") commenced this class action in the Court of Common Pleas of Lawrence County, Pennsylvania, on or about September 16, 2013 (Mot. for Remand ¶1, ECF No. 15), on behalf of themselves and other landowners in Pennsylvania who entered into oil and gas leases with Defendant Central Appalachian Petroleum Corporation ("CAPC") between January 4, 2007 and August 14, 2007 ("putative class members"). Plaintiffs seek a declaratory judgment from the Court declaring that the leases entered into with CAPC during the relevant time period were void ab initio, and that any

purported assignments of the rights under the leases were also void ab initio. Plaintiffs are also seeking a declaratory judgment from the Court declaring that none of the Defendants acquired any right, title or interest in any of the oil, gas, or mineral rights and/or estates, including any constituents thereof, within or beneath the properties that were the subject of the leases. Defendants removed this case to federal court predicating subject matter jurisdiction on diversity of citizenship. The Motion for Remand disputes that diversity of citizenship exists here.

### A. BACKGROUND & PROCEDURAL HISTORY

The relevant facts, which the Court accepts as true for purposes of deciding the motion to remand,[1] are as follows. This case arises out of an oil and gas lease entered into between the Krupas and CAPC on March 2, 2007, and all oil and gas leases entered into between CAPC and the putative class members ("Class Member leases"). The Krupas are residents of Pennsylvania, and owners of 77 acres of certain real estate located in Pulaski Township, Lawrence County, Pennsylvania, by virtue of a duly recorded deed dated November 13, 1996. (Compl. ¶13, ECF No. 1-1.)

On or about January 4, 2007, the Office of the Secretary of State of the State of Ohio cancelled the articles of incorporation/certificate of authority of the Defendant, CAPC, for allegedly failing to file corporate franchise tax reports or pay such taxes by the deadline. (Compl. ¶ 14 & Ex. B thereto (ECF No. 1-1 at 6, 19).) Subsequently, the Ohio Secretary of State reinstated CAPC's articles of incorporation/certificate of authority on or about August 14, 2007. (Compl. ¶15.) While its articles of incorporation/certificate of authority were cancelled,

---

[1] In evaluating the fraudulent joinder exception to complete diversity of citizenship, the court is required to focus on the complaint at the time the notice of removal was filed, and must assume that all factual allegations in the complaint are true. *In re Briscoe,* 448 F.3d 201, 217 (3d Cir. 2006) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992)).

CAPC purported to enter into an oil and gas lease with the Krupas on March 2, 2007 (the "Krupa Lease"). (*Id.* at ¶16; *see also* Ex. C to Compl., ECF No. 1-1 at 20-22.) At that time, the Krupas were unaware that CAPC's articles of incorporation/certificate of authority had been cancelled. At all relevant times, CAPC was/is an Ohio corporation with its principal place of business located in Ohio. (Compl. ¶4.)

Plaintiffs contend that Defendants Eric M. Kapp and David A. Kapp, who are allegedly officers or agents of CAPC, possessed actual and/or constructive knowledge that CAPC's articles of incorporation were cancelled at the time it purportedly entered into the Krupa Lease and the leases with the putative class members. (*Id.* at ¶17.) Eric Kapp and David Kapp are residents of the state of Ohio. (*Id.* at ¶¶9-10.)

On or about March 31, 2008, CAPC assigned its right, title and interest in and to the Krupa Lease, as well as the leases with the putative class members, to Defendant Long Consulting Group, LLC ("Long Consulting"). (Compl. ¶20; *see also* Ex. D to Compl., ECF No. 1-1 at 23-25.) Long Consulting is believed to be a Delaware limited liability company, whose sole owner, West Long, is a citizen of the state of New York, with its principal place of business located in Olean, New York. (Compl. ¶8; Notice of Removal ¶16.) As part of the assignment to Long Consulting, CAPC reserved and retained title to an undivided 2% overriding royalty of 8/8ths of all "oil, gas and casing head gas produced, saved and marketed from the above described land," which was to be paid equally to Defendants, David A. Kapp, Eric Kapp, Jack Kapp, and David L. Reida. (Compl. at ¶21; Ex. D at ¶1, ECF No. 1-1 at 24.) Jack Kapp and David Reida are residents of the state of Ohio. (Compl. ¶¶11-12.)

Subsequently, on July 16, 2008, Long Consulting assigned its right, title and interest in and to the Krupa Lease and leases of the putative class members to Defendant East Resources,

Inc. ("ERI"), subject to the prior reservation of a 2% of 8/8ths overriding royalty interest retained by CAPC in the assignment from CAPC to Long Consulting. (Compl. ¶22; *see also* Ex. E to Compl., ECF No. 1-1 at 26-32.) ERI is a Pennsylvania corporation with its principal place of business located in Florida. (Compl. ¶6; Notice of Removal ¶11.)

Thereafter, Plaintiffs believe that ERI assigned its interest in the Krupa Lease to Defendant, East Resources Management, LLC ("ERM"), on or about December 31, 2010. (Compl. ¶23.) ERM was a Pennsylvania limited liability company with its principal place of business in Sewickley, Pennsylvania. (Compl. ¶7; Notice of Removal ¶15.) Sometime thereafter, Plaintiffs believe that Defendant SWEPI, LP merged with ERM, which included all of its leasehold interests, including the Krupa Lease. (*Id.* at ¶24.) SWEPI is a Delaware limited partnership with its principal place of business located in Texas. (Compl. ¶3; Notice of Removal ¶13.) The citizenship of SWEPI's partners and their respective members is Delaware and Texas. (Notice of Removal ¶13.)

Plaintiffs further believe that sometime in or about 2013, SWEPI, LP assigned the Krupa Lease and the leases of the putative class members to the Defendant, Hilcorp I LP Energy ("Hilcorp"). (*Id.* at ¶27.)[2] Hilcorp is a Texas partnership with its principal place of business located in Texas. (Notice of Removal ¶14.) Each of Hilcorp's partners is either a citizen of Texas or a citizen of a state other than Pennsylvania. (*Id.*)

---

[2] Plaintiffs believe that CAPC and the other Defendants attempted to assign the leases of the putative class members in the same or similar fashion as they did with respect to the Krupa Lease. (Compl. ¶26.)

4

Defendants filed a Notice of Removal (ECF No. 1), pursuant to 28 U.S.C. §1441(a), thereby removing the instant action to this Court on October 23, 2013.[3] In support of their removal petition, Defendants submit that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Notice of Removal at ¶4.) Defendants contend that although Defendants ERI and ERM are citizens of Pennsylvania, as are Plaintiffs, under the doctrine of fraudulent joinder, the citizenship of ERI and ERM must be disregarded for purposes of determining diversity. When their citizenship is disregarded, Defendants contend complete diversity exists.

In response, the Krupas filed a motion for remand to state court on November 14, 2013, disputing that they fraudulently joined ERI and ERM to defeat diversity jurisdiction. The motion for remand and response in opposition have been fully briefed. Thus, the motion for remand is ripe for disposition.

### B. LEGAL STANDARD – REMOVAL & MOTION TO REMAND

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809

---

[3] It appears that ERI has not yet been served with original process in this action, and thus, was unable to join in the removal of this action to federal court.

F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)).

When a state court action has been removed to federal court based on diversity of citizenship, as in the present case, complete diversity of citizenship of the parties must exist and none of the defendants may be a citizen of the forum state. 28 U.S.C. §1441(b); *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006) (citation omitted). The doctrine of fraudulent joinder provides an exception to this rule. *In re Briscoe,* 448 F.3d at 215-16 (citation omitted). In order for this exception to apply and thus provide a basis for this Court's subject matter jurisdiction, the removing party must "establish that the non-diverse [party was] 'fraudulently' named or joined solely to defeat removal jurisdiction." *Id.* at 216. If a court concludes that a party was fraudulently joined, "the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999)). However, if the court finds that the joinder was not fraudulent and therefore it lacks subject matter jurisdiction over the removed action, the matter must be remanded to state court. *Id.* (citing 28 U.S.C. §1447(c)). In making this determination, the Court may look beyond the pleadings to identify indicia of fraudulent joinder. *Id.* at 219 (citing *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26 (3d Cir. 1985)). However, in doing so, the court of appeals cautioned that a "district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Id.* (citing *Boyer,* 913 F.2d at 112; *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992)).

The court of appeals has delineated the following standards to be applied in a fraudulent joinder analysis:

> [T]he removing party carries a heavy burden of persuasion in [demonstrating fraudulent joinder]. It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.
>
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Id.* at 217 (quoting *Batoff,* 977 F.2d at 852). In other words, joinder will not be considered fraudulent unless the claims against the non-diverse party can be deemed "'wholly insubstantial and frivolous'[.]" *Id.* at 218.

The court's inquiry into a fraudulent joinder claim is less demanding than the inquiry undertaken in ruling on a motion to dismiss under Rule 12(b)(6)—"simply because a claim against a party may ultimately be dismissed for failure to state a claim does not necessarily mean that the party was fraudulently joined." *In re Diet Drugs Prods. Liab. Litig.,* 294 F.Supp. 2d 667, 673 (E.D.Pa. 2003) (citing *Batoff,* 977 F.2d at 852) (other citation omitted).

C.   **DISCUSSION**

Plaintiffs advance two arguments in support of remand. Initially, Plaintiffs argue that ERI and ERM were not fraudulently joined in this action, and therefore, diversity of citizenship does not exist. Second, Plaintiffs submit that remand is proper here because, given the wide discretion afforded courts in determining whether to accept jurisdiction over a declaratory judgment action, the Court should decline to exercise jurisdiction over this action as the issues raised in the Complaint present no federal questions and do not promote any federal interest. Because the Court finds merit to Plaintiffs' first argument, it need not reach the second one.

1.   **Fraudulent Joinder**

In support of their argument, Plaintiffs submit that pursuant to the Pennsylvania Declaratory Judgments Act, 42 PA. CONS. STAT. ANN. §7531 *et seq.* (the "Act"), in particular, Section 7540(a), and Pennsylvania law interpreting that section, it is mandatory that all persons who have an interest in the declaration be made parties to the litigation. Contrary to Defendants assertion in the notice of removal, Plaintiffs argue that they joined ERI and ERM as Defendants in this lawsuit because they are asserting a claim for declarative relief against both of them, as they have rights and a substantial interest in the outcome of the litigation. Specifically, Plaintiffs submit that they are seeking a class judgment declaring that all of the leases were void ab initio, "'and therefore any assignments of [these] purported leases thereafter were void and had no effect at all; and as a consequence any purported assignments thereafter did not acquire any right, title, or interest in any of the oil, gas or minerals, including any constituents thereof, within or beneath the Subject Property or the Properties which were the subject of each Class Member Lease.'" Pls.' Br. in Supp. of Mot. for Remand ("Pls.' Br.") at 5, ECF No. 16 (quoting Compl., ¶44). In response, Defendants argue that the previous assignors to an oil and gas lease who have

assigned their entire interest in the lease are not necessary parties to a suit seeking a declaratory judgment that the lease is void, and therefore, no basis exists for joining ERI and ERM as parties to this lawsuit.

As a preliminary matter, the Court finds that ERM no longer exists as an entity and any interest it had in this litigation is now possessed by Defendant SWEPI LP. Therefore, ERM is not an indispensable party to this declaratory judgment action. *See* Notice of Removal at ¶15. The Certificate of Merger filed with the Pennsylvania Department of State confirms that the merger occurred. *See* Defs.' Ex. B to Notice of Removal, ECF 1-2 at 7-9. Defendants thus submit that no reasonable basis in fact or colorable ground exists for maintaining a claim against ERM. The Court agrees. Not only does ERM no longer exist as an entity, but Plaintiffs concede that the lease hold interests of ERM are now possessed by SWEPI LP, who is also a named Defendant in this action. (Compl. ¶24.) Therefore, ERM's interests in the leases are adequately represented by SWEPI LP. *See City of Phila. v. Commw. of Pa.,* 838 A.2d 566, 582 (Pa. 2003) ("where a person's official designee is already a party, the participation of such designee may alone be sufficient, as the interests of the two are identical, and thus, the participation of both would result in duplicative filings.") (citing *Leonard v. Thornburgh*, 467 A.2d 104, 105 (Pa. Commw. Ct. 1983) (en banc)). Accordingly, the Court finds that ERM is not an indispensable party, and thus, was fraudulently joined.

The Court reaches a contrary conclusion, however, with regard to Plaintiffs' joinder of ERI. The starting point for the Court's analysis is the Pennsylvania Declaratory Judgments Act, in particular, Section 7540(a), which provides in relevant part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the

proceeding." 42 PA. CONS. STAT. ANN. §7540(a). The law in Pennsylvania is quite clear that Section 7540(a) is mandatory. *City of Phila.*, 838 A.2d at 582; *Pilchesky v. Doherty,* 941 A.2d 95, 101 (Pa. Commw. Ct. 2008) (citations omitted). In *City of Philadelphia,* the Pennsylvania Supreme Court opined:

> This Court has stated that a party is indispensable "when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Sprague v. Casey*, 520 Pa. 38, 48, 550 A.2d 184, 189 (1988). "[T]he basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of" him or her. *CRY, Inc. v. Mill Serv., Inc.*, 536 Pa. 462, 469, 640 A.2d 372, 375 (1994). In undertaking this inquiry, the nature of the claim and the relief sought must be considered. *See id*. at 469, 640 A.2d at 375–76. Furthermore, we note the general principle that, in an action for declaratory judgment, all persons having an interest that would be affected by the declaratory relief sought ordinarily must be made parties to the action. *See Mains v. Fulton*, 423 Pa. 520, 523, 224 A.2d 195, 196 (1966). Indeed, Section 7540(a) of the Judicial Code, 42 Pa.C.S. § 7540(a), which is part of Pennsylvania's Declaratory Judgments Act, states that, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."
>
> While this joinder provision is mandatory, it is subject to limiting principles. For example, where the interest involved is indirect or incidental, joinder may not be required. *See, e.g., Mid–Centre County Auth. v. Township of Boggs*, 34 Pa.Cmwlth. 494, 501, 384 A.2d 1008, 1012 (1978) (concluding that Pennsylvania's Department of Environmental Resources was not an necessary party to a declaratory judgment action where its sole interest in the dispute concerned the identity of the party who would be responsible for complying with its regulations). *See generally Columbia Gas Transmission Corp. v. Diamond Fuel Co*., 464 Pa. 377, 379, 346 A.2d 788, 789 (1975) (defining an indispensable party as "one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights").

838 A.2d at 581-582 (footnotes omitted). Therefore, the Court must determine if ERI is an indispensable party.

Plaintiffs submit that - contrary to Defendants' assertion in their notice of removal that Plaintiffs have no colorable claim against ERI and ERI has no interests affected by this litigation - they have asserted a claim for declaratory relief against ERI. Plaintiffs submit that they joined ERI because it has rights and a substantial interest in the outcome of this litigation. For support, Plaintiffs point to paragraph 44 of their Complaint, which states:

> The Krupa Lease and the Class Member Leases that the Defendant, CAPC, purported to enter into with the Plaintiffs were void ab initio, and therefore any assignments of these purported leases thereafter were void and had no effect at all; and as a consequence, any purported assignees thereafter did not acquire any right, title, or interest in any of the oil, gas or minerals, including any constituents thereof, within or beneath the Subject Property or the Properties which were the subject of each Class Member Lease.

Plaintiffs contend that by being both an assignee and assignor to the leases, ERI clearly has an interest in the litigation. Specifically, Plaintiffs submit that if the leases are found to be void, ERI is potentially liable to all of the entities and persons who subsequently received an assignment of those leases, and ERI would in turn have claims back against any entities or persons who assigned the leases to it. At the very least, Plaintiffs argue, ERI would likely be brought into subsequent litigation for a party's defense of title, and any declaratory relief granted in the instant case would have a collateral effect on ERI's rights. Plaintiffs also submit that SWEPI LP expressly warranted title in its assignment to Defendant Hilcorp Energy, and as ERI is in the chain of title, it is clearly an interested party in the litigation. (Pls.' Br. at 4-5.) Indeed, Plaintiffs note that prior to removal of this action, CAPC filed preliminary objections in state court seeking to dismiss the Complaint under Pennsylvania Rule of Civil Procedure 1028(a)(5)

for failing to join all assignees of the Class Member leases as necessary parties. (Pls.' Br. at 5 n. 1.)

In support of their argument, Plaintiffs rely on *Rice v. Chesapeake Energy Corp.,* Civ. A. No. 2:12-cv-00392, 2012 WL 3144318 (W.D.Pa. Aug. 1, 2012), and *Hartzfeld v. Green Glen Corp.,* 552 A.2d 306 (Pa. Super. Ct. 1989). Plaintiffs cite *Rice* for two propositions: (1) assignees are indispensable parties to an action to the extent that they have an interest in the lease; and (2) joinder is not fraudulent because the claim against the defendant was not impossible, noting that "'the traditional oil and gas 'lease' is far from the simplest of property concepts . . ..'" Pls.' Br. at 6 (quoting *Rice,* 2012 WL 3144318, at *4). Defendants counter that Plaintiffs' reliance on *Rice* is misplaced, and attempt to distinguish that case on the basis that the plaintiffs in that case were "asserting separate breach of contract claims against each prior lessee[, and t]hus, the rights and obligations of each assignee under the terms of the contract were at issue and a colorable claim had been asserted against each defendant[,]" unlike here, where Plaintiffs allege that only one party's actions, CAPC, voided the Krupa lease. Defs.' Br. in Opp'n to Mot. for Remand ("Defs.' Br.") at 6 (ECF No. 22). Also, Defendants submit that unlike in *Rice,* here Plaintiffs are not asserting individual claims against the intermediate lessees. *Id.* Although the Court agrees with Defendants that *Rice* is distinguishable factually, it disagrees with Defendants' contention that Plaintiffs are not asserting individual claims against the intermediate lessees.

In *Rice,* the party alleged to have been fraudulently joined was the first lessee, Dale Property Services. Here, where the parties alleged to have been fraudulently joined are *assignors/assignees*. The question in *Rice* was whether by assigning its leasehold interest to the assignee Chesapeake Energy Corp., the lessee had extinguished its liability to the lessors. If the

answer to that question was in the affirmative, then the lessee would have been deemed fraudulently joined and diversity of citizenship would exist. If, however, the court determined that the lessee's liability to the lessors was not extinguished by the assignment, then diversity of citizenship would not exist (as the lessors and lessee were both citizens of the same state), and remand to state court would be required. The district court in *Rice* observed that there appeared to be two divergent views as to whether the rights and liabilities of the lessee continue notwithstanding an assignment of its leasehold interest, noting the Pennsylvania Supreme Court's decisions in *Washington Natural Gas Co. v. Johnson,* 16 A. 799 (Pa. 1889), and *T.W. Phillips Gas & Oil Co. v. Jedlicka,* 42 A.3d 261 (Pa. 2012). *Rice,* 2012 WL 3144318, at *3-*4. Given the state of the substantive law on assignments of oil and gas leases in Pennsylvania, the district court in *Rice* could not state that the law was so clear that there was not even a possibility that a state court could find that the lessors' claims against the lessee existed notwithstanding the lessee's assignment of the lease to the assignee. Therefore, based on *In re Briscoe,* the district court held it was duty bound to hold that the lessee had not been fraudulently joined as a defendant and remanded the case to state court. 2012 WL 3144318, at *4.

Thus, although *Rice* involved a motion for remand based on fraudulent joinder, that is where the similarity ends with the case at bar. The issue before this Court on Plaintiffs' motion for remand is not whether the Krupas' claims against the lessee, CAPC, exist notwithstanding CAPC's assignment of the lease to Long Consulting. Rather, the issue here is whether the assignors/assignees, and in particular, ERI, have rights and/or interests that will be affected by a declaratory judgment declaring the Krupa Lease and Class Member Leases void ab initio. Accordingly, *Rice* is not dispositive of this issue.

13

On the other hand, *Rice* does lend support to Plaintiffs' argument that assignors/assignees are indispensable parties to an action to the extent that they have an interest in the lease. The Complaint sufficiently alleges such an interest by the assignors/assignees, to wit, in paragraph 46 of their Complaint, Plaintiffs state that they "are also seeking a declaratory judgment . . . declaring that none of Defendants acquired any right, title or interest in any of the oil, gas, or mineral rights and/or estates, including any constituents thereof, within or beneath the Subject Property and the Properties which were subject to the Class Member Leases." (Compl. ¶46. *See also* Compl. ¶¶44-45.[4]) Therefore, the rights and interests of all of the assignors/assignees, including ERI, would be adversely affected if the Krupa Lease and Class Member Leases are declared void ab initio, and any declaratory relief granted in the instant case would have a collateral effect on ERI's rights. As such, ERI is an indispensable party to this action.

Plaintiffs also cite *Hartzfeld* for the proposition that because ERI is in the chain of title, it is clearly an interested party in the litigation, and thus, must be a party to this declaratory judgment action. However, the indispensable parties in *Hartzfeld* were *property owners* in the chain of title in a quiet title action, not assignors/assignees of a leasehold interest. Thus, *Hartzfeld* is not dispositive here.[5] Nonetheless, as in *Hartzfeld,* the assignors/assignees here

---

[4] In paragraph 45, Plaintiffs assert that they "are seeking a declaration from this Court declaring that The Krupa Lease and the Class Member Leases were void ab initio, and that any purported assignments made thereafter of said Leases were void ab initio as well." Compl. ¶45.

[5] In *Hartzfeld*, the court determined that the property owners in a subdivision, who took title to their property subject to provisions in a declaration of restrictions, had a right to rely on the rights provided in those restrictions in acquiring title to their property. As such, they were indispensable parties to a quiet title action brought by another property owner claiming title by adverse possession, as a decision in favor of plaintiff would adversely affect the property owners' rights. 552 A.2d at 309-310. Because the plaintiff failed to join the property owners as parties, the court dismissed the complaint. *Id.* at 310.

possess interests that would be adversely affected if a declaratory judgment is entered declaring the Leases void ab initio, thus making them indispensable parties.

In opposing the motion for remand, Defendants rely on *Lincoln v. Magnum Land Services, LLC,* No. 3:12-cv-576, 2013 U.S. Dist. LEXIS 78893 (M.D.Pa. June 5, 2013), and *Federal Realty Investment Trust v. Juniper Properties Group,* No. 99-3389, 2000 U.S. Dist. LEXIS 344 (E.D.Pa. Jan. 21, 2000), for the proposition that previous lessees who have assigned their entire interest in the property are not considered interested parties for purposes of a declaratory judgment action. (Defs.' Br. at 5.) However, neither case supports a finding that ERI was fraudulently joined in this action.

In *Lincoln,* which involved a quiet title action, the plaintiff landowners sought a declaratory judgment declaring them to be the sole owners in fee simple absolute of the subject property, including its subsurface mineral, oil, coal and natural gas rights, and that the lease and any subsequent assignments thereof were invalid. 2013 U.S. Dist. LEXIS 78893, at *11. In ruling on defendants' motion to dismiss, the court observed that the plaintiffs alleged in their complaint that the current assignees of the lease, upon learning that the original lessee did not have a valid lease to assign, filed a release and surrender of all their rights and interests under the assignment of the lease to the subject property and its oil and gas, as did an intervening assignee/assignor of the lease. *Id.* at *5, *6 n. 1, *12. The plaintiffs in *Lincoln* further alleged in their complaint that because the current assignees of the lease filed the release, no other defendants have a basis to assert a claim to the lease or the property's oil and gas rights. *Id.* at *5 & *12. Accepting those facts as true as required for a motion under Rule 12(b)(6), the court concluded no cloud existed on the plaintiffs' title to the property and dismissed the action. *Id.* at *12-*13.

By contrast, the Complaint in this case does not allege that any of the Defendants executed a release and surrender of all rights and interests under the assignment of the Krupa lease, nor does it allege that no other Defendants have any basis to assert a claim to the lease or the property's oil and gas rights. The Court does note that attached to the Complaint as Exhibits D and E are two lease assignments—Exhibit D is the Assignment of Oil and Gas Leases by CAPC to Long Consulting dated 3/31/2008 and recorded on 6/4/2008; and Exhibit E is the Assignment of Oil and Gas Leases by Long Consulting to ERI dated 7/16/2008 and recorded on 8/18/2008. (ECF No. 1-1 at 23-32.) In Exhibit D, CAPC states that it "does hereby sell, assign, transfer and convey [to] Long Consulting . . . all of its right title and interest in and to the Oil and Gas Leases . . . listed on the attached Exhibit A . . . ," subject to a royalty reservation of 2% of 8/8ths payable to the individual Defendants. ECF No. 1-1 at 24.[6] Similarly, in Exhibit E, Long Consulting states that it "does hereby assign, sell, transfer and convey unto East Resources, Inc. . . . all of Assignor's right, title and interest in and to the Oil and Gas Leases . . . described on "Exhibit A" . . .." ECF No. 1-1 at 27. However, no other lease assignments have been attached to any of the filings in this proceeding. In addition, the Complaint and attachments thereto in the case at bar do not allege any surrender of rights or interests by any of the other Defendants in the chain of assignments. Therefore, unlike *Lincoln,* here neither the factual allegations in the Complaint nor the attached lease assignments shows a relinquishment of all rights and/or interests by ERI.

---

[6] Even if the language in its assignment could be construed to effectuate a surrender of all rights and interests in the Krupa lease, CAPC may still be liable because it has privity of contract with the Krupas as the original lessee on the lease agreement, *Washington Natural Gas,* 16 A. at 801, as well as retained an overriding royalty interest.

Defendants' reliance on *Federal Realty Investment Trust* is also misplaced. In that case, plaintiff, the last assignee, was objecting to the joinder of the party who assigned the lease to it as a necessary party, because the last assignee claimed the assignor had assigned its entire interest in the property to it, and joinder of the assignee would destroy diversity jurisdiction. 2000 U.S. Dist. LEXIS 344, at *12. The court observed that generally, courts have held that an assignor may no longer sue when all of its rights to a claim have been assigned, but where there has only been a partial assignment, both the assignor and assignee retain an interest in the claim, and therefore, are real parties in interest. *Id.* at *13. In determining whether the assignment terminated the assignor's rights, the court found that the assignment was incomplete, as it did not address several key issues, i.e., it was unclear whether the purported assignment covered all rights, including the right to collect back rent, and there was no reference to the right to control litigation, and the assignment explicitly required further documentation of evidence of the assignment. *Id.* at *13-*14. As such, the court concluded that the extent of the rights assigned to plaintiff was unclear and therefore it was entirely possible that the defendants could face similar claims from the assignor that plaintiff was asserting against them. In light of this, the court found the assignor was a necessary party. *Id.* at *14. The court further found that the assignor was indispensable to the action under Federal Rule of Civil Procedure 19(b), as both the assignor and defendants could be prejudiced if the action was to proceed without the assignor. *Id.* at *15. In so finding, the court observed that "'[i]n an action to determine lease rights, all parties who may be affected by the determination of the action are indispensable.'" *Id.* (quoting *Fluent v. Salamanca Indian Lease Authority,* 928 F.2d 542, 547 (2d Cir. 1991)).

Similarly here, it is unclear from the pleadings and documents filed at this juncture what rights and interests, if any, ERI assigned to ERM, as the Complaint is silent on this issue, and a

copy of ERI's assignment of the oil and gas lease is not attached to any of the filings. But even if the filings did show that ERI assigned all of its rights and interest to another party, the general law regarding assignments[7] does not resolve the issue before this Court, because ERI has an interest that will be adversely affected by a declaratory judgment declaring the Krupa Lease and Class Member Leases void ab initio. Plaintiffs are challenging the validity of the Leases, thus placing at issue the validity of all the subsequent assignments of those Leases. It is well settled that "'in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'" *Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2d Cir. 1991) (citing *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir.1975); *McClendon v. United States*, 885 F.2d 627, 633 (9th Cir.1989)). Thus, if it is ultimately determined that the Krupa Lease and Class Member Leases are void ab initio, then none of the subsequent assignments would be valid, and any declaratory relief granted will have a collateral effect on the rights and interests of the subsequent assignees/assignors, including ERI. For that reason, the Court finds that all of the subsequent assignees/assignors, with the exception for ERM, are necessary parties to this declaratory judgment action.

Therefore, based on *In re Briscoe,* this Court is bound to find that ERI has not been fraudulently joined as a Defendant in this action, and thus, diversity of citizenship does not exist. Accordingly, the Court recommends that this case be remanded forthwith to state court.

---

[7] Generally, a valid and effective assignment of all of the assignor's rights and interest in the property which is the subject of the assignment will extinguish the assignor's rights, interests, and liability as to that property. *See Smith v. Cumberland Group, Ltd.,* 687 A.2d 1167, 1172 (Pa. Super. Ct. 1997) (citing *Walker v. Mason*, 116 A. 305, 306 (Pa. 1922); *Galey v. Mellon,* 33 A. 560 (Pa. 1896); 6A C.J.S. Assignments §§73, 88, 89; *Robert Lamb Hart Planners & Architects v. Evergreen, Ltd.,* 787 F.Supp. 753, 757 (S.D. Oh. 1992)) (other citations omitted).

18

### 2. Whether the Court Should Decline to Exercise Jurisdiction

In the alternative, Plaintiffs argue that remand is proper here because given the wide discretion afforded courts in determining whether to accept jurisdiction over a declaratory judgment action, the Court should decline to exercise jurisdiction over this action because the issues raised in the Complaint present no federal questions and do not promote any federal interest. However, in light of this Court's conclusion that it lacks subject matter jurisdiction over this action, the Court does not reach Plaintiffs' alternative argument.

### 3. Pending Motions to Dismiss

In light of this Court's recommendation that this matter be remanded to state court, it is further recommended that the motions to dismiss pending at ECF Nos. 5, 23, and 26 be left for the state court to decide after remand.[8]

### D. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiffs' Motion for Remand to State Court (ECF No. 15) be granted and this action be remanded forthwith to state court. It is further recommended that the motions to dismiss pending at ECF Nos. 5, 23, and 26 be left for the state court to decide after remand.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the

---

[8] The Court notes that CAPC and the individual Defendants filed a Brief in Support of their Preliminary Objections in the Nature of a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) at ECF No. 14. However, there is no motion to dismiss pending on the District Court's docket that relates to this brief.

objections shall have fourteen (14) days from the date of service of objections to respond thereto.

Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 1, 2014

BY THE COURT:

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All Counsel of Record
   *Via Electronic Mail*