IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS M. KRUPA and CAROLYN D. KRUPA (his wife), and all others similarly situated, | Civil Action No. 2:13-cv-1542 |
| Plaintiffs, | Judge Maurice B. Cohill Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| HILCORP ENERGY I LP, *et al.*, | ECF Nos. 15, 34 |
| Defendants. | |

## MEMORANDUM ORDER

The Complaint in the above captioned case was filed in the Court of Common Pleas of Lawrence County, Pennsylvania on or about September 16, 2013. Subsequently, this action was removed to this Court by Defendants on October 23, 2013, and was referred to Chief United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. On November 14, 2013, Plaintiffs filed a Motion for Remand to State Court (ECF No. 15).

The Magistrate Judge's Report and Recommendation (ECF No. 34), filed on April 1, 2014, recommended that Plaintiffs' Motion for Remand to State Court (ECF No. 15) be granted and the action be remanded to state court forthwith. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections.

Defendants filed Objections to the Report and Recommendation (ECF No. 35), with a Brief in Support (ECF No. 36) on April 18, 2014. Plaintiffs filed a Memorandum in

Response to Defendants' Objections (ECF No. 37) on May 1, 2014. Defendants then filed a Reply Brief (ECF No. 38), to which Plaintiffs filed a Sur-Reply (ECF No. 39).

Defendants argue that the Report and Recommendation recommending that this action be remanded to state court is in error because there is complete diversity in this case since Defendant East Resources, Inc. was never properly served and the Complaint asserted against East Resources, Inc. should be dismissed. In addition, Defendants object to the Report and Recommendation arguing that the Magistrate Judge erred in relying on Plaintiffs' unsubstantiated assertion in reaching the recommendation to remand this case to state court. Finally, Defendants argue that since the motion to remand should not be granted the Magistrate Judge erred in not considering the Defendants' motions to dismiss.

Initially we reject Defendants' argument that the Magistrate Judge erroneously grounded her recommendation on unsubstantiated evidence. Counsel misapprehends the manner in which the Report and Recommendation is structured. The statement about which Defendants complain occurs in a paragraph that summarizes Plaintiffs' arguments and their view of the case. It was not a finding by the Magistrate Judge, nor was it a fact upon which the recommendation was grounded. Thus, we overrule this Objection.

Defendants' primary objection involves a multi-step argument that eventually results in Defendant's conclusion that East Resources, Inc. was fraudulently joined. First, Defendants argue that East Resources, Inc. was never served within 120 days. Next, they argue that the Court, in accordance with Federal Rule of Civil Procedure 4(m), is therefore required to determine whether Plaintiffs have shown good cause for

the failure to effect service. Defendants conclude that no good cause for the failure to serve exists. Once it is determined that good cause has not been shown, the Court then may either dismiss the complaint or grant a discretionary extension to allow plaintiff to effectuate service. Defendants naturally argue that dismissal, rather than a discretionary extension, is appropriate in this case. Next, Defendants argue that we should dismiss the Complaint with prejudice since the statute of limitations has run as to any claims against East Resources, Inc. This leads to the assertion that the Court should conclude that the joinder of East Resources, Inc. was fraudulent. Finally, by ignoring East Resources, Inc. as a Defendant then complete diversity exists and the motion to remand should be denied.

The problem with Defendants "objection" is that they never raised this argument in opposing the motion to remand, nor did they raise this argument in their motion to dismiss the complaint filed before Plaintiffs moved to remand. See, e.g.,, ECF Nos. 5 (Motion to Dismiss) & 6 (Brief in Support) filed by Defendant East Resources, Inc. Arguments and issues raised for the first time in objections to a Report and Recommendation are generally deemed waived. Buehl v. Beard, 2007 WL 1830616 *2 (W.D.Pa. June 25, 2007) (McVerry, J.), citing Jimenez v. Barnhart, 46 Fed.Appx. 684, 684 (3d Cir.2002); see also Dunkin' Donuts Franchised Restaurants LLC v. Mehta, 2007 WL 2688710, *1 (W.D.Pa. Sep.11, 2007) (Conti, J.); Penneco Pipeline Corp. v. Dominion Transmission, Inc., 2007 WL 1847391, *1 n.1 (W.D.Pa. June 25, 2007) (Ambrose, J.); Hubbard v. Pleasant Valley Sch. Dist., 2006 WL 42093, *3 (M.D.Pa. Jan. 6, 2006) (quoting Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (other citations omitted)). Accordingly, because Defendants raised the argument that Plaintiffs

failed to properly effectuate service for the first time in their objections to the report, and there being no compelling reason we should entertain this argument, Defendants have waived the argument and we overrule this Objection.

There are other problems with Defendants' Objection. Defendants' argument is not merely that Plaintiffs failed to properly serve a defendant, but that in addition a court would also necessarily find that there was no good cause for the failure to serve, and that a court would further necessarily find that the appropriate remedy was dismissal rather than a discretionary extension to permit service to be completed. This is an argument that Defendants should have presented to the Magistrate Judge in opposition to the motion to remand. Had they done so it is unlikely it would have been successful.

In response to Defendants' Objections, Plaintiffs submit evidence to show that in fact East Resources, Inc. was properly served prior to removal of this case in accordance with the Pennsylvania Rules of Civil Procedure. In its Reply Brief, Defendants argue that the evidence showing that service was made is insufficient. Thus, at a minimum there is a factual issue regarding whether service was properly made prior to removal in accordance with Pennsylvania law. Even assuming that Defendant could be successful in challenging Plaintiffs' evidence, the fact that Plaintiff has provided some evidence of its attempts to effectuate service might weigh in favor of finding good cause for the failure to serve and certainly weigh in favor of permitting a discretionary extension. To delineate the details of the argument and counterargument suggest a reason why Defendants chose not to raise this issue initially: because it is not the "slam dunk" argument Defendants attempt to portray it as now. In any event, we

4

decline to review this issue on the merits because, as we stated, we find that the Objection is waived.

In addition, were we to take up this issue we would likely find that Defendants have actually waived the defense of ineffective service because it failed to raise the defense as an objection in its Rule 12 motion. McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998).

Finally we note that Defendants rely on a footnote in the Report and Recommendation, but misconstrue the language of the Magistrate Judge. The text of the footnote states: "It appears that ERI has not yet been served with original process in this action, and thus, was unable to join in the removal of this action to federal court." Report and Recommendation, 5 n.3.

In their Brief in Support of their Objections, Defendants state that the "Magistrate Judge noted that ERI had not been served, but ignored the implications of the lack of service in rendering her recommendation of remand." Def. Br. 2. We are at a loss to understand how the Magistrate Judge "ignored the implications" of lack of service given that the issue was not before the Magistrate Judge. Moreover, defense counsel errs by ignoring the Magistrate Judge's prefatory phrase "it appears that" as well as the qualifier "yet" in stating that "It appears that ERI has not yet been served." Thus, counsel's statement that the Magistrate Judge "noted that ERI had not been served" is simply wrong.

Defense counsel doubles down on his error when he attempts to argue in the Reply Brief that the Magistrate Judge's statement is in reality a *finding* that service has not been made, to which Plaintiffs should have objected. No such finding was made.

5

To state the obvious, the statement only means that the Magistrate Judge did not find evidence of service, but perhaps there is evidence that she is not aware of. The statement leaves open the possibility that in fact service was made, and finally the term "yet" means that the Magistrate Judge was aware that it was possible that at some point in the future service would be made.

In conclusion we overrule Defendants objections that the Magistrate Judge relied on improper evidence and that complete diversity exists because service was not properly made. Thus, we will accept the Report and the Recommendation that this matter be remanded to state court. Finally, because we overrule Defendants' substantive objections and will remand this case, we also overrule Defendants' final objection that the Magistrate Judge erred in choosing to leave resolution of the outstanding motions to dismiss for the state court upon remand.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, objections thereto, response to objections, reply and surreply, the following Order is entered:

AND NOW, this 3d day of June, 2014,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand to State Court (ECF No. 15) is **GRANTED**. The Clerk of Court is ordered to remand this case to the Court of Common Pleas of Lawrence County, Pennsylvania **FORTHWITH**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 34) of Chief Magistrate Judge Lenihan, dated April 1, 2014, is adopted as the opinion of the Court.

                                                MAURICE B. COHILL
                                                United States District Judge

cc:    All Counsel of Record
        *Via Electronic Mail*